**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff,*
Christopher E. Hooper

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**CHRISTOPHER E. HOOPER,**

Plaintiff,

v.

**ARNEL MANAGEMENT COMPANY AND DAVID KEITH COMPTON, ESQ.,**

Defendants.

**Case No.: __________**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.**

**DEMAND FOR JURY TRIAL**

///

///

///

///



THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. This is a case about a property management company who had its debt collection attorney understate credits received from a military veteran's wage garnishment.
2. **CHRISTOPHER E. HOOPER** ("Plaintiff"), by his attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **ARNEL MANAGEMENT COMPANY** ("Defendant Arnel") **and DAVID KEITH COMPTON, ESQ.** ("Defendant Compton") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.
3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.
6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

8. This action arises out of Defendants' violations of the FDCPA.
9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**FDCPA**

10. In enacting the FDCPA, Congress found that:
    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.
11. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict

liability statute that makes debt collectors liable for violations that are not knowing or intentional”).

12. To further protect consumers, claims under the FDCPA are to be judged according to the “least sophisticated debtor” or “least sophisticated consumer” standard. *Gonzales* at 1061. This standard is lower than the “reasonable debtor” standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector’s communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in Solano County, California. Plaintiff is a “consumer” as that term is defined by 15 U.S.C. § 1692a(3) and “Debtor” as that term is defined by Cal. Civ. Code § 1788.2(h). Plaintiff is a “veteran” as those terms are defined in subdivisions (f) and (g) of Cal. Civ. Code § 1761.

14. Defendant Arnel Management Company is a California corporation operating from an address of 949 S. Coast Dr. STE 600, Costa Mesa, CA 92626, and is a “Debt Collector” as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a real property management business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

15. Defendant David Keith Compton, Esq. is a California lawyer operating from an address of 224 Garden Gate Ln., Irvine, CA 92620, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) he regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that he did not originate. He operates a state-wide debt collection business and attempts to collect debts from consumers in the State of California. His principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt he attempted to collect from Plaintiff.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing in Solano County, California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

20. Defendants' businesses consist of the regular collection of delinquent consumer debts.

21. Defendants are seeking to collect from Plaintiff for a personal debt related to a residential tenancy.

22. Plaintiff is a Servicemember on Active Duty with the U.S. Air Force.

23. On January 13, 2022, Defendants submitted a request to the Defense Finance and Accounting Service (DFAS) for an involuntary allotment of Plaintiff's military wages pursuant to a California Superior Court judgement for Plaintiff's personal debt arising from a past due rent.

24. On October 21, 2022, the Defense Finance Accounting Service notified Defendants that the involuntary allotment had been completed and that Defendants had been paid $1,470, the most recent payment being on August 1, 2022.

25. On December 5, 2022, Defendants filed with the court and served Plaintiff with a Memorandum of Costs After Judgement form that listed total payments credited to Plaintiff as of that date to be $1,077.28, and indicated that Plaintiff still owed money.

26. On information and belief, Defendants have, in the twelve months prior to the filing of this lawsuit, knowingly dunned Plaintiff for an amount that he doesn't owe.

27. On information and belief, Defendants have, in the twelve months prior to the filing of this lawsuit, knowingly used false, deceptive, or misleading representations in connection with the collection of Plaintiff's debt.

## Actual Damages

28. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by these Defendants in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### VIOLATION OF § 1692E OF THE FDCPA

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
30. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.
31. Defendants violated § 1692e when they, among other qualifying actions and omissions, knowingly used false, deceptive, or misleading representations in connection with the collection of Plaintiff's debt.
32. Defendants violated § 1692e when they, among other qualifying actions and omissions, willfully misrepresented the amount or legal status of the debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,
b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,
c) Award of Treble damages pursuant to Cal. Civ. Code § 3345, and
d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,
e) Award to Plaintiff of such other and further relief as may be just and proper.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**TRIAL BY JURY IS DEMANDED.**

33. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: November 17, 2023

BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff
Christopher E. Hooper

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.